B. *Whitman* for the demandant.
*Sproat* for the tenant.

———◆———

## SCOTTO BERRY *versus* NATHANIEL RIPLEY.

Under the act for impounding cattle, a field-driver from whom *neat-cattle* are rescued cannot recover the penalty given in the 6th section of the act, it being confined to swine, horses, and sheep, as mentioned in the 2d section. The act of 26th February, 1800, (*stat.* 1799, *c.* 61,) has not extended the former act. Costs not allowed in error where judgment is reversed for *error in law.*

ERROR from a judgment of the Court of Common Pleas in this county, rendered the third *Tuesday of [ * 168 ] September last. The declaration was as follows, viz. ·

127

*Scotto Berry* was attached to answer to *Nathaniel Ripley*, who sues, as well for the county of *Barnstable* as for himself, in plea of *debt*, for that whereas, by a law of the commonwealth, entitled "*An act describing the causes for which cattle may be impounded, the manner how they shall be proceeded with in such cases, and for preventing rescue and pound-breach,*" in the *sixth section* of said *act*, it is, among other things, enacted, "that, if any person shall rescue any creatures taken up *as aforesaid*, out of the hands or care of the field-driver, or from the hands of any other person, whereby the party injured may be in danger of losing such his remedy, and the law evaded, the person thus offending shall, for such rescue, forfeit and pay the sum of forty shillings, (equal to six dollars, sixty-six cents and two thirds,) to be recovered by action of debt, one half part to him or them that will sue for the same, and the other half part to and for the use of the county within which the offence is committed;" and the said *Nathaniel*, at *Brewster*, in the county aforesaid, on the twenty-third day of May, in the year of our Lord one thousand eight hundred and four, being one of the field-drivers of said town of *Brewster*, and having in his hands and possession four *heifers*, which he, the said *Nathaniel*, was driving to the town-pound in said *Brewster*, therein to be impounded, the said *Scotto*, then and there, with force and arms, did rescue said heifers out of the hands and care of the said *Nathaniel*, and wholly deprived him of the same, against the force of the statute aforesaid; whereby the said *Scotto* hath forfeited the sum of forty shillings, (equal to six dollars, sixty-six cents and two thirds,) the one half part thereof to and for the county aforesaid, and the other half part thereof to the plaintiff, who sues as aforesaid. Yet the said [ * 169 ] * *Scotto*, though often requested, refuses to pay the same, to the damage of the said *Nathaniel*, who sues as aforesaid, the sum of thirteen dollars.

The action was originally commenced before a justice of the peace, to be heard the 11th day of June, 1804; and the record of the justice says, "The plaintiff appears and enters his action; the defendant also appears, and for plea saith, and the defendant came forward to defend, and saith he is not guilty in the manner and form as is set forth in the writ of attachment, and puts himself on trial. And the said *Scotto Berry* further saith, that he doth not owe the said *Nathaniel Ripley* the sum as is set forth in the writ, and therefore, puts himself on trial. Then this Court was adjourned to *Saturday*, the 16th day of June, instant, at which time the parties appeared, and joined the issue upon the aforesaid *plea*, by the plaintiff's saying, and the plaintiff likewise." The judgment of the justice was in favor of *Ripley*, from which *Berry* appealed to

the Court of Common Pleas, at which court the *appellant* appears and enters his action, the *appellee* also appears and *defends* the same, which cause, after a full hearing, is committed to the jury, &c., who returned their verdict that the defendant is indebted in manner and form, &c., and judgment there rendered that the said *Nathaniel*, in his said capacity, recover against the said *Scotto* six dollars, sixty-six cents and two thirds *damages*, and costs of suit, taxed at fifteen dollars and seven cents.

Upon the writ of error brought upon this judgment, the following errors were assigned, viz.: *first*, that, by the statute upon which the process and judgment aforesaid are founded, the said *Nathaniel Ripley* was not authorized, as a field-driver of said town of *Brewster*, to take up and impound the heifers in said process and judgment mentioned; * *secondly*, that, in the [ * 170 ] process and judgment aforesaid, there is no issue, either in law or in fact, joined by the parties; and, *thirdly*, the general error.

The defendant in error pleaded, *in nullo est erratum.*

The *Solicitor-General, (Davis,)* for the plaintiff in error, as to the *first* error assigned, relied upon the second *section* of the act passed Feb. 14, 1789, upon which statute the action was brought, as conclusive against the defendant in error. By *that* section of the act, a field-driver is authorized to take up *swine, horses,* and *sheep,* at certain seasons of the year, and under particular circumstances; but no authority is given him to take up and impound *neat-cattle.* As to the *second* error assigned, he said, that, by the bare inspection of the record, it would appear there was no issue joined by the parties, either before the justice, or in the Court of Common Pleas.

*B. Whitman,* for the defendant in error, said, that, as to the *second* error assigned, it was clear by the record that issue was joined, though it did not appear to have been done in the most correct and formal manner. As to the *first* error assigned, he said that, by an act passed Feb. 26, 1800, the inhabitants of towns are authorized, in the manner in the act pointed out, to restrain *neat-cattle,* as well as other creatures, from going at large within the limits of their town; and it appeared in this case, by the record itself, (that is, by the written evidence filed in the court below, and which came up in the case,) that the town of *Brewster* had voted that neat-cattle should not be permitted to run at large within the limits of that town the present year; and, therefore, he contended, it was made the duty of the field-driver to take up and impound neat-cattle, as well as horses, &c., and consequently that the original plaintiff in this case is entitled * to recover the penalty [ * 171 ] given in the statute upon which he has brought his

action. That the act of 1800 making it unlawful for neat-cattle to run at large, in the cases therein mentioned, such cattle are, by necessary implication, brought within the intent and meaning of the former statute; and the words "shall rescue any creature taken up as aforesaid," are not confined to the *species* of creatures mentioned in the *second section* of *that* act, but extend to *every* species of animals which, at the time of the rescue, might not lawfully run at large.

The Court (*Strong, Sedgwick,* and *Thacher,* justices) told the Solicitor-General he need not reply. They said the case was too plain to argue; that it was impossible to extend a penal statute, by implication, in the manner contended for, and unanimously reversed the judgment for the first error assigned. The Court gave no opinion as to any other error.

*Judgment reversed.*

(No costs allowed upon the writ of error, judgment being reversed for *error in law.*)

The entry of reversal was entered—"And now, because it appears to the Court here that the said *Nathaniel Ripley* was not, by the said sixth section of the act in his declaration mentioned, entitled to recover the penalty in the said section expressed, as by his declaration aforesaid he has demanded, *it is considered,* &c." (*a*)

Note.—Although it seems to have been conceded, by the counsel for the defendant in error, that a field-driver is not authorized, by the statute upon which this action was brought, to take up and impound neat-cattle, and although it is certain that the Court held that a field-driver could not, by virtue of the statute, recover the penalty for rescuing such cattle from his hands; yet it has been doubted whether there are not cases in which a field-driver may, by virtue of this statute, take up and impound neat-cattle, for which the *third section* of the act is relied on. If, then, he has, by the words in *that* section of the act, such power, will not the words in the *sixth section,* "creatures taken up as aforesaid," apply as well to neat-cattle mentioned in the *third section,* as to horses, swine, &c., mentioned in the *second?* However that may be, it would not ultimately, it is believed, have made any difference in the case above decided, because it is very clear that the declaration was substantially bad, and upon which the Court could not have given judgment for the original plaintiff. See 2 *East, Rep.* 333, *Lee* vs. *Clarke*

(*a*) [*Brown* vs. *Chase,* 4 *Mass.* 436.—*Nelson* vs. *Andrews,* 2 *Mass.* 164.—Ante, 81, post, 411, 443, 480.—ED.]